IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| LATARA HARRIS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. 3:10-cv-49-MCR-EMT |
| | * |
| BELLSOUTH TELECOMMUNICATIONS, | * |
| INC. a/k/a AT&T, | * |
| | * |
| Defendant. | * |
| | * |

**PLAINTIFF LATARA HARRIS'S
OBJECTIONS TO DEFENDANT'S MOTIONS IN LIMINE**

COMES NOW Plaintiff Latara Harris and objects to each of the Defendant's Motions in Limine as follows:[1]

### A:  OTHER EMPLOYEES' DISCIPLINE

In order to prove retaliation, Plaintiff must establish a *prima facie* case of retaliation which includes demonstrating that Plaintiff engaged in protected activity.  *Crawford v. Carroll,* 529 F.3d. 961, 970, 974 (11th Cir. 2008).

In addition, even assuming the Plaintiff establishes a *prima facie* case, the Defendant may rebut this showing by evidence that its actions were based on a legitimate explanation.  Plaintiff must rebut this showing by establishing pretext.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d. 1361, 1364 (11th Cir. 2007); *Corbitt v. Home Depot USA,* 589 F.3d. 1136 (11th Cir. 2009).

Defendant's motion seeks to exclude testimony regarding three other employee discipline-related incidents.  The first incident concerns employee Kerry Williams.  This incident is described in detail in paragraph 50 of Plaintiff's statement of facts in opposition to summary judgment.  The

---

[1] To avoid unnecessary repetition and redundant filing, Plaintiff makes some factual references to her summary judgment opposition filing.

1

discipine of Williams should not be excluded from evidence because it is necessary to establish the two elements of proof described above: protected activity and pretext.

Williams' discipline formed part of the basis for the Plaintiff's initial complaint to her regional manager concerning workplace discrimination. Paragraph 21. Without this evidence, Plaintiff would not have a key part of the evidence concerning why she complained about racial mistreatment, her protected activity, and that her protected activity was founded on a legitimate belief of racial discrimination.

In addition, Williams' discipline is relevant to demonstrate pretext. As discussed in the above-referenced summary judgment opposition, as well as pages 5, 6 and 7 of Plaintiff's brief in opposition to summary judgment, Defendant admittedly gave Williams light discipline because of her subjective intent in using the racial slur. In other words, Defendant gave her light discipline because Williams said 'she did not mean it.' The same is true for two other AT&T disciplinary incidents.[2] However, with respect to Plaintiff, even though she was also disciplined for a verbal incident, her subjective intentions were not important.[3] Therefore, while all employees are subject to the same zero tolerance policy regarding such statements, Plaintiff was judged under a harsher standard. This is highly relevant to establish pretext. Plaintiff is not suggesting that Williams or other employees are comparators. Rather, Plaintiff is offering this evidence as circumstantial evidence of pretext through different treatment. Not only was the discipline different, but the investigation of the employees was also different. While Plaintiff underwent a large-scale asset protection investigation for telling another employee 'don't give yourself a heart attack,' the other employees underwent a brief informal investigation. Plaintiff's investigation took approximately one month and resulted in skipped discipline steps. The other

---

2  Paragraphs 51 and 52.
3  A description of the Plaintiff's verbal exchange is contained in paragraph 34 of Plaintiff's statement of facts.

employees had their discipline resolved quickly, and in the case of Williams, not even enforced.[4]  *See, Corbitt.*

The other employee incidents are described in paragraphs 51 and 52 of Plaintiff's statement of facts in opposition to summary judgment.  Evidence regarding both is relevant and admissable to demonstrate pretext, for the same reasons described above.[5]

Finally, Plaintiff opposses any exclusion of evidence regarding other employees of Defendant that complained of retaliation and were terminated, as said evidence supports Plaintiff's claim of punitive damages by establishing a pattern of retaliatory conduct.

### B:  OTHER EVENTS

This motion is inherently overbroad, and essentially seeks to exclude evidence which may not be relevant to Plaintiff's claims. With respect to a general timeline, Plaintiff will stipulate to not attempt to introduce any evidence concerning events which occurred before or after the events complained of in her Amended Complaint, which began in July, 2008, and concludes after her two-day suspension (including it's appeal), other than her ongoing treatment and mental anguish resulting from the retaliation. Furthermore, Plaintiff will stipulate to redact any documentary reference to the same in the exhibits identified by Defendant, but submits that the balance of information contained in each of those exhibits is relevant to establish pretext, as discussed in section A above.  Plaintiff also opposes any motion to exclude the secret investigations conducted by Defendant, or their investigator Danny Lee, during this same time frame. This evidence is directly relevant to establish the Defendant's pretext.

---

4  Paragraphs 34, 35, 50, 51 and 52.
5  Defendant also argues that the discipline should not be admissible because of the different Call Center supervisors involved with the other incidents.  However, it is undisputed that Terrie Crawford oversaw each of these incidents and was consulted in the final decisions for each, as well as the Human Resource consultant Shannel Sykes. In addition, even different supervisors would not explaint such a deviation form Defendant's 'Zero-tolerance' policy.

## C:  "NON-ADVERSE" ACTIONS

Plaintiff will stipulate to not attempt to introduce any evidence concerning adverse actions that occurred subsequent to her suspension.  However, Plaintiff opposes the balance of this motion.  Apparently, the motion seeks to limit Plaintiff's testimony to evidence of the two-day suspension, claiming that Plaintiff suffered no damages supporting a claim of retaliation other than the two-day suspension.  This is simply not the case.  As discussed in detail on pages 2, 3 and 4 of Plaintiff's brief in opposition to summary judgment, as well as her amended complaint, the Plaintiff's claim of retaliation includes a series of employee discipline events which occurred following her July, 2008, letter to Terrie Crawford complaining of racial discrimination.  The two-day suspension, also referenced as the asset protection investigation, was the last of a series of workplace harassment.  Each of these incidents form part of the Plaintiff's retaliation claim.  Plaintiff does not have to suffer economic harm.  The adverse actions may include a wide variety of actions that may harm the employee in some regard.  *Wyatt v. City of Boston*, 35 F.3d. 13, 15-16 (1st Cir. 1994).  Because this case is subject to the new *Burlington* standard, the adverse actions requirement has been "decidedly more relaxed."  *Crawford v. Carroll*, 529 F.3d. 961 (11th Cir. 2008).  As a result, each of the disciplinary incidents occurring between the July 2008 initial complaint and the two-day suspension are admissible to establish the pattern of retaliation and retaliation attempts by the Defendant.  Plaintiff also opposes any motion to exclude the secret investigations conducted by Defendant, or their investigator Danny Lee, during this same time frame.  This evidence is directly relevant to establish the Defendant's pretext.

## D:  FCHR SUBMISSION

As discussed during oral argument, Plaintiff will stipulate that the FCHR findings are not admissible, but Plaintiff submits that the Defendant's submission to the FCHR is admissible.  Specifically, Plaintiff submits that the Defendant's FCHR submission (its position statement) is submissible because it demonstrates inconsistency in its explanations regarding the disciplinary actions

taken against Plaintiff. These actions form part of the basis of Plaintiff's retaliation claim. Such inconsistencies are directly relevant to establish pretext. *Combs v. Plantation Patterns,* 106 F.3d 1519, 1598 (11th Cir. 1998).

Plaintiff also opposes any exclusion of her own FCHR charges, which were submitted during the series of retaliatory discipline she underwent following her intial complaint in July, 2008. These are relevant to demonstrate her protected activity, her unwarranted discipline, her reaction to the retaliation as well as Defendant's retaliatory reaction. They are also relevant to establish the Defendant's pretext.

### E:  EXPERT TESTIMONY AND RECORDS OF MELANIE FERGUSON

As discussed during oral argument, Plaintiff will stipulate to not introduce testimony regarding causation for Dr. Ferguson, and limit her testimony to treatment as instructed by the Court. With respect to her treatment records, Plaintiff submits that these are relevant and admissible. Any alleged misstatement made by Plaintiff concerning workplace events may be used against the Plaintiff for impeachment and considered by the jury, but her records are directly relevant to the treatment received, and information related to Dr. Ferguson by the Plaintiff as contained in the records is admissable to establish the complaints upon which Plaintiff was diagnosed and treated.

/s/Steven L. Terry
Attorney for Plaintiff
1409-B Government Street
Mobile, AL  36604
251.432.4800

### CERTIFICATE OF SERVICE

I hereby certify on this 20th day of August 2012 that a true and correct copy of the foregoing was served using the CM/ECF system which will electronically notify all counsel of record.

/s/Steven L. Terry